**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DAVID SAUL PUTZER,          )
                            )
          Plaintiff,        )     2:13-cv-01120-RCJ-GWF
                            )
vs.                         )
                            )     **ORDER**
ANDREA S. BECKMAN, *et al.*,)
                            )
          Defendants.       )
_____/

This is a civil rights action filed by a former pretrial detainee pursuant to 42 U.S.C. § 1983. Plaintiff filed a notice of change of address that indicates that he has now been released from Clark County custody. Thus, he must file an updated application to proceed *in forma pauperis* on the non-prisoner form. Plaintiff will be granted thirty (30) days to submit a completed and signed application to proceed *in forma pauperis* on the non-prisoner form provided by this court. The application must be accompanied by all required financial documentation, as described in the instructions for use of the form.

Next, although plaintiff did file a motion for leave to file longer than normal complaint (ECF #2), the court finds that plaintiff's complaint fails to satisfy the requirement that claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8. Plaintiff includes in the body of the forty-eight-page complaint against some twenty defendants what appear to be verbatim grievances and other forms that he has copied into his complaint. Plaintiff also appears to repeat allegations several times and "jump" around between events and claims. This makes it impossible for the court to discern what claims plaintiff is trying to state. Accordingly, plaintiff's complaint is dismissed. However, he has leave to

file an amended complaint if he is able, for each count, to specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant has violated and support each claim with factual allegations about each defendant's actions. Plaintiff is reminded to keep his complaint as short, plain and concise as possible in order that the court may evaluate his claims.[1]

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. If plaintiff chooses to not file an amended complaint, this action may be dismissed.

**IT IS THEREFORE ORDERED** that the Clerk shall **DETACH** and **FILE** plaintiff's complaint (ECF #1-1).

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file longer than normal complaint (ECF #2) is **DENIED** without prejudice and with leave to renew if necessary.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED WITH LEAVE** to amend as set forth in this order.

**IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that this order is entered to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

---

[1] Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2).

**IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, **2:13-CV-01120-RCJ-GWF**, above the words "FIRST AMENDED"in the space for "Case No."

**IT IS FURTHER ORDERED** that plaintiff's failure to file an amended complaint may result in the immediate dismissal of this entire action.

**IT IS FURTHER ORDERED** that the Clerk shall send to plaintiff a blank section 1983 civil rights complaint form with instructions along with one copy of the original complaint.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SEND** plaintiff the approved form for a non-prisoner Application to Proceed *In Forma Pauperis*, as well as the document "Information and Instructions for Filing a Motion to Proceed *In Forma Pauperis*." Within **thirty (30)** days from the date of entry of this order, plaintiff **SHALL FILE** a completed and signed non-prisoner application to proceed *in forma pauperis*, along with all required financial documentation, on the form provided by this court. Plaintiff's failure to file a non-prisoner application to proceed *in forma pauperis* in compliance with this order may result in the immediate dismissal of this entire action.

DATED this 19th day of August, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge